**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 4:18-cv-10060-JEM**

SEBE CHRISTIAN,

 Plaintiff,

vs.

NATIONWIDE RECOVERY SERVICE,
INC.,

 Defendant.
_____/

**JOINT SCHEDULING CONFERENCE REPORT AND DISCOVERY PLAN**

 A telephonic meeting was held at **10:00 a.m.** on **June 25, 2018**, and was attended by:

| | |
|---|---|
| **Amy Bennecoff Ginsburg** | **Counsel for Plaintiff** |
| **Ernest H. Kohlmyer, III** | **Counsel for Defendant** |

Counsel for the parties have communicated regarding the scheduling issues contained herein, and agree to its contents.

**I.** **Recommended Case Management Track:** The Parties recommend that this case be assigned to the <u>Standard Track</u>, based on the number of parties and complexity of the action.

**II.** **Case Management Plan:**

 **A.** **The likelihood of settlement:**

  The likelihood of settlement is unknown at this time.

 **B.** **The likelihood of appearance in the action of additional parties:**

  At this time the likelihood of appearance in the action of additional parties is unlikely.

**C.     Proposed limits on time:**

    **(i)**    The parties propose that the time to join other parties, to amend pleadings, shall occur by or before **August 13, 2018.**
    (ii)    The parties propose that all summary judgment, and other dispositive motions shall be filed by **January 7, 2019**; and
    (iii)    The parties propose that discovery shall be completed by **December 3, 2018**.

**D.     Proposals for the formulation and simplification of issues:**

The parties agree to cooperate in working to simplify the issues, including the elimination of frivolous claims or defenses, if any, and further agree that any motion for summary judgment or partial summary judgment shall be filed on or before **January 7, 2019**.

**E.     The necessity or desirability of amendments to the pleadings:**

At this time, the parties do not anticipate any further amendments to the pleadings.

**F.     The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:**

The Parties anticipate a reasonable possibility of obtaining admissions of facts and of documents.

**G.     Suggestions for the avoidance of unnecessary proof and of cumulative evidence:**

The Parties agree to utilize discovery in order to avoid unnecessary proof and cumulative evidence.

**H.     Suggestions on the advisability of referring matters to a Magistrate Judge or master:**

At this time, the Parties do not agree to the referral of potentially dispositive matters to a Magistrate Judge or master.

**I.    A preliminary estimate of the time required for trial:**

Trial is expected to take approximately **Two (2) days**, and Defendant demands a trial by jury.

**J.    Requested date or dates for conferences before trial, a final pretrial conference, and trial:**

The Parties request trial for the week beginning **April 29, 2019** with a final pretrial conference to be held the week of **April 22, 2019**.

**K.    Any other information that might be helpful to the Court in setting the case for status or pretrial conference:**

The Parties have no other information that might be helpful to the Court at this time.

**L.    Whether the trial will be jury or non-jury:** Jury trial

**M.    An outline of the legal elements of each claim and defense raised by the pleadings (note: to be modeled after pattern substantive jury instructions):**

Count I: (1)

(1) Whether Defendant, by and through its agents and employees, violated 15 U.S.C. § 1692d and or Section 1692d(5) by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with collection of the subject debt, including but not limited to causing Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse or harass and by engaging Plaintiff in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass.

  (2) If Defendant violated section 1692d, whether the violation was an unintentional *bona fide error*, committed despite the maintenance of procedures reasonably adapted to avoid such error

Count II:

(1) Whether Defendant, by and through its agents and employees, violated Section 559.72(7) *Fla. Stat*. by willfully communicating with the debtor or any member of of her or his family or willfully engage in other conduct which can resasonably be expectred to abuse or harass the debtor or any member of her or his family.

(2) If Defendant violated Section 559.72(7) Fla. Stat, whether the violation was an unintentional *bona fide error*, committed despite the maintenance of procedures reasonably adapted to avoid such error

**N.** **A good faith estimate of the specific dollar valuation of actual damages or other relief at issue:**

Maximum statutory damages: **Count I: $1000.00; Count II: $1,000.00**

**Plaintiff further requests an award of reasonable attorney's fees and costs if Plaintiff prevails in this action.**

**O.** **Whether there is a need to vary from the discovery limitations imposed by Local Rule and/or the Federal Rules of Civil Procedure, including the grounds supporting the requested variance:**

The Parties agree to abide by the discovery limitations imposed by Local Rule and the Federal Rules of Civil Procedure.

**III.** **This case was not previously filed and is not substantially related to any other case previously or currently pending before another court.**

**DISCOVERY PLAN PURSUANT TO RULE 26(f)**

I. **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

The parties do not believe any changes should be made to the timing, form, or requirement for disclosures under Rule 26(a).

II. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

The parties do not believe that discovery should be conducted in phases or be limited to particular issues.  Discovery should be completed by **December 3, 2018.**

III. **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:**

The parties anticipate issues about disclosure or discovery of electronically stored information.  Electronically stored information shall be produced in .pdf format by electronic file transfer or on a CD or DVD, where possible, unless otherwise requested or agreed to be produced on a different medium or format. Excel spreadsheets and other data, if responsive and relevant, will be produced in native format or in a machine readable format, such as .csv. If other types of documents do not render to a readable format in .pdf, the Parties will meet and confer to agree upon a reasonably useable format.

IV. **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order;**

The parties anticipate a reasonable probability that certain materials will be subject to privilege, and will agree to confer with each other and attempt to resolve issues of privilege by stipulation or other agreement before involving the Court.

V. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;**

The parties do not believe that any changes need be made to the limitations on discovery imposed under these rules or by local rules.

VI. **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties do not believe that any special orders are warranted at this time.

Dated this 25th day of June, 2018.

| | |
|---|---|
| */s/ Amy L. B. Ginsburg* | */s/ Ernest H. Kohlmyer, III* |
| Amy L.B. Ginsburg, Esq. | Ernest H. Kohlmyer, III |
| Florida Bar No. 1002337 | Florida Bar No. 0110108 |
| *teamkimmel@creditlaw.com* | *SKohlmyer@shepardfirm.com* |
| Kimmel & Silverman, P.C. | Shepard, Smith, Kohlmyer & Hand, P.A. |
| 30 East Butler Pike | 2300 Maitland Center Parkway, Suite 100 |
| Ambler, PA 19002 | Maitland, Florida 32751 |
| Telephone (215) 540-8888 | Telephone (407) 622-1772 |
| Facsimile (215) 540-8817 | Facsimile (407) 622-1884 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **June 29, 2018**, via the Clerk of Court's CM/ECF system which will provide electronic notice to the following attorney of record:  Amy L. Bennecoff-Ginsburg, Esquire of Kimmel & Silverman, P.C. at *aginsburg@creditlaw.com* (*Attorneys for Plaintiff*).

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Florida Bar No.: 0110108
Skohlmyer@Shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, FL  32751
Phone: (407) 622-1772
Fax: (407) 622-1884
*Attorneys for Defendant,*
*Nationwide Recovery Service, Inc.*